Elnorris Stone V-67067

P.O. Box 6000 B3

Delano, Ca. 93216



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elnorris Stone-Petitioner, | No. CV 07 6263 TEH (PR) |
| -v- | Motion for Stay Pending Exhaustion of Claims in the Petition. |
| California Dept. of Corrections, -Respondent. | |

Petitioner hereby moves this Court to stay, rather than dismiss, the instant habeas proceeding pending exhaustion of the claims in the petition.

This motion is based on the attached memorandum, the petition, and the papers and files in this case.

Date: 5/19/08

Respectfully submitted,

_____
Petitioner

1

MEMORANDUM OF LAW

Petitioner concedes that some of the claims in the petition are unexhausted as they are now pending in the California courts.

Under 28 U.S.C. Section 2244(d)(2), a "properly filed" state petition "tolls" or extends the one-year limit for filing a federal habeas petition(Carey-v-Saffold 536 U.S. 214,220-2002). "Pace-v-Diguglielmo"(125 S.Ct. 1807-2005) concluded that a state petition is not properly filed, and hence does not toll the statute of limitations, if the state court deems the petition untimely(at 1811-13; Evans-v-Chavis 126 S.Ct. 846-2006).

As such, a petitioner will not know if his state petition has tolled the statute until the state court denies the petition. Moreover, as the California Supreme Court holds habeas petitions for approximately a year before ruling on them, it is virtually certain the one-year period would expire absent tolling in almost every case. The bottom line: many California prisoners would be time-barred while exhausting state remedies as required(see Rose-v-Lundy 455 U.S. 505,522-1982).

This is precisely the risk Petitioner now faces. Without Subdivision (d)(2) tolling, Petitioner would surely be time-barred in federal court by the time state remedies are exhausted. Petitioner cannot predict whether or not his state petitions will be denied as untimely. A timebar is a significant possibility. The only petitions presumptively timely under California law are those filed within 180 days of the due date for a reply brief on direct appeal(see In Re Robbins 77 C.R.2nd 153,159-1998). All

other petitions are subject to timebar absent good cause for delay or the applicability of exceptions to the timeliness rule(id). Petitioner commenced his state collateral attacks over a year after conclusion of his direct appeal(see att.ex. A; see Saffold at 222 (Noting that California habeas timeliness rule is "indeterminate")).

"Pace" states that, "A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted...a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court"(Pace at 1813 citing Rhines -v-Weber 161 L.E.2nd 440,452-2005).

"Rhines" approved the use of stay and abeyance to avoid timeliness problems, stating: "Stay and abeyance should be available only in limited circumstances...It likely would be an abuse of discretion for a District Court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the District Court should stay, rather than dismiss, the mixed petition"(at 451-52). A petitioner need not demonstrate extraordinary circumstances to satisfy "Rhines"(Jackson-v-Roe 425 F.3rd 654,662-9th Cir.2005).

Stay and abeyance is "particularly appropriate" when "the petitioner will not realistically have time to exhaust state

remedies and return to federal court"(Olvera-v-Giurbino 371 F.3rd 569,573-9th Cir.2004; Kelly-v-Small 315 F.3rd 1063,1070-71-9th Cir. 2003; Robbins-v-Carey 481 F.3rd 1143 fn.4-9th Cir.2007(Noting "strong preference" for stay over dismissal in this circumstance)). In "Olvera," the Ninth Circuit concluded the District Court erred in denying Olvera's request to withdraw unexhausted claims from his mixed petition and to hold the remaining claims in abeyance pending exhaustion. The Court noted Olvera could not have exhausted his claims and returned to federal court within the limitations period(at 573-74). Although "Olvera" involved "withdrawal and abeyance" procedure, "Jackson-v-Roe" noted that such is unnecessary and a Court may simply stay the mixed petition(at 661 fn.10 citing Rhines).

Petitioner has good cause for a stay. He has engaged in no dilatory tactics and his claims are potentially meritorious. The failure to exhaust stems from "reasonable confusion" about the timeliness of his state petition. If he waits for his petition to be denied, and if it is denied as untimely, a subsequent federal petition would be untimely. Thus, the pre-exhaustion federal filing is necessary(Pace at 1813; Carmichael-v-Warden 370 F.S.2nd 347-D.Me.2005(Granting stay pending resolution of state exhaustion petition when uncertain if state petition would toll federal deadline)).

Most of the unexhausted claims were discovered between March and June of 2007. Petitioner is unversed in the law and unable to himself recognize legal claims, conduct legal research and construct arguments, or prepare legal pleadings. In March of

2007, Petitioner located an inmate knowledgeable in the law. The inmate read Petitioner's transcripts (several hundred pages) and other court documents, discussed extra-record proceedings with Petitioner, and conducted legal research culminating in 17-plus claims, including claims of ineffective counsel for counsel's failure to exhaust the new claims on appeal. The foregoing activities were delayed by limited library access and by prison lockdowns which both interfered with library access and research and delayed the inmate's receipt of critical case information from Petitioner. Further delay was caused by efforts to obtain (1) critical documents from trial counsel and (2) information and declaration from critical witnesses. Eventually, a petition was prepared, typed and filed in September of 2007(see att.ex. A (State Court denial orders); att.ex. B(Letters from trial counsel); Rhines-v-Weber 408 F.S.2nd 844,849-D.C.S.D.-2005(Granting stay. Finding good cause shown by previous counsel's failure to exhaust claims and Rhines' reasonable confusion about his legal position); Rogers-v-Carey 2005 WL 1366451-E.D.Cal.2005(Finding petitioner's pro se status provided good cause for failure to exhaust)).

Due to the one-year limit and the successive petition bar, Petitioner likely would be unable to raise the new claims in a subsequent petition(Riner-v-Crawford 415 F.S.2nd 1207,1211-D.Nev. 2006(Good cause is shown under "Rhines" by a petitioner's "ignorance or confusion about the law or the status of his case... or when petitioner had no knowledge of the claim's existence"); Fetterly-v-Paskett 997 F.2nd 1295,1301-02-9th Cir.1993(Denial of stay deemed error when no evidence Fetterly intended delay, fed-

eral habeas attorney discovered new, unexhausted claim, and it was unlikely Fetterly would be able to raise claim in a second petition); see also Calderon-v-U.S. District Court (Taylor) 134 F.3rd 981, 987-9th Cir.1998(Approving of stay when unexhausted claim not newly discovered); Calderon-v-U.S. District Court (Thomas) 144 F.3rd 618,621-9th Cir.1998(Same)).

As such, this Court may grant a stay rather than dismissing the petition(Ashmus-v-Calderon 977 F.S. 987,989-N.D.Cal.1997(Noting common occurrence of new counsel discovering unexhausted claims)).

I, Elnorris Stone, swear under penalty of perjury that the foregoing statements of fact are true and correct as based upon my information and belief. Executed this 19th day of MAY, 2008 at ~~P.O. Box 6000 Delano, California 93216.~~
P.O. Box 950, Folsom, CA. 95763

Respectfully submitted,

Petitioner/Declarant

# EXHIBIT COVER PAGE  [ A ]

EXHIBIT

Description of this Exhibit: SUPERIOR COURT DENIAL ORDER / COURT OF APPEALS DENIAL ORDER

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA     Dept. No. 9

Date: September 25, 2007    Hon. LARRY GOODMAN, Judge    Fil R. Cruz, Dep.Clk.
                                                         Not Reported, Reporter

| | |
|---|---|
| IN RE: ELNORRIS STONE<br>Petitioner | Counsel appearing:   No Appearance<br>for Petitioner |
| vs.<br>**PEOPLE OF THE STATE OF CALIFORNIA**<br><br>Respondent | Counsel appearing:   No Appearance<br>for Respondent |

Nature of Proceedings:

**EX PARTE PETITION FOR WRIT OF HABEAS CORPUS**

Case No. 145534B
PFN: AXU886
CEN: 3237381

The petitioner is not present.

The Court having reviewed the Petitioner's Petition for Writ of Habeas Corpus filed on September 25, 2007 **NOW HEREBY ORDERS:** The Petition is denied.

The petition is untimely and petitioner has failed to demonstrate good cause for the delay of over one year from the time the direct appeal became final, "Our decisions have consistently required that a petitioner explain and justify any substantial delay in presenting a claim", (*In Re Clark* (1993) 5 cal 4th 750, 783, citing *In Re Swain* (1949) 34 Cal 2nd 300, 304). "It is also the rule that a convicted defendant must fully disclose his reasons for delaying in the presentation of the facts upon which he would have a final judgment overturned", (*In Re Clark*, p. 783 citing *In Re Wells* (1967) 67 Cal 2nd 873, 875). Nor has petitioner explained why the petition is exempt from the timeliness requirements.

If the petition is timely or exempt from the timeliness requirements, the petition fails to state a prima facie case for relief. It is a general rule that issues resolved on appeal will not be reconsidered on habeas corpus, (*In Re Waltreus* (1965) 62 Cal 2nd 218, 255). It is also the rule that, " in the absence of special circumstances constituting an excuse for failure to employ the remedy, the writ will not lie where the claimed errors could have been, but were not raised upon a timely appeal from a judgment of conviction," (*In Re Clark* p.765 citing *In Re Dixon* 41 Cal 2nd 756, 759). Petitioner raises some sixteen claims in his present petition. These claims do not contain newly discovered evidence or facts. Other than the claim of ineffective assistance of appellate counsel, all of the claims were or could have been raised in petitioner's direct appeal.

Petitioner's claims of denial of due process are without substantiation and consist of nothing more than his interpretation of the circumstances and involve only self- serving statements.

Petitioner's claims of ineffective assistance of counsel are like wise without merit. Whether relating to trial or appellate counsel, petitioner has not met his burden of establishing that his counsel's conduct failed to conform to an objective standard of reasonable competence. In addition, other than petitioner's claims to the contrary, he has not established that his counsel's acts or omissions resulted in prejudice, that is there is a reasonable probability that a more favorable outcome would have resulted had the evidence been presented as desired by petitioner.

(Rev. 5/3/07)

## CLERK'S CERTIFICATE OF MAILING (CCP 1013a)

I certify that the following is true and correct: I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this EX PRATE PETITION FOR WRIT OF HABEAS CORPUS by placing a copy in an envelope addressed as shown below and then by sealing and placing it for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

Elnorris Stone
CDC # V-67067
P.O. Box 6000 B3
Delano, CA 93216


Date: October 2, 2007

Executive Officer/Clerk of the Superior Court

By _____
Fil R. Cruz, Deputy Clerk

(Rev. 5/3/07)



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| In re ELNORRIS STONE, on Habeas Corpus. | A119895<br><br>(Alameda County Super. Ct. No. C145534-B) |
|---|---|

FILED
Court of Appeal First Appellate District
DEC 1 3 2007
Diana Herbert, Clerk
By_____ Deputy Clerk

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Ruvolo, P.J., Sepulveda, J., and Rivera, J., joined in the decision.)

Date: DEC 1 3 2007     RUVOLO, P.J. _____ P.J.

# EXHIBIT COVER PAGE  [ B ]
EXHIBIT

Description of this Exhibit: LETTERS FROM TRIAL COUNSEL

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)
- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

# WALTER K. PYLE

ATTORNEY AT LAW
2039 SHATTUCK AVENUE, SUITE 202
BERKELEY, CA 94704-1116

Civil and Criminal
Trials and Appeals

(510) 849-4424
FAX: (510) 849-4741

May 30, 2007

Elnorris Stone   V-67067
Kern Valley State Prison
3000 West Cecil Avenue
Delano, CA 93215

Re:   Case No. 145534-B

Dear Mr. Stone:

You requested your complete file in this case so you may pursue additional legal proceedings in your case.

I have my file, and am assembling the documents for transmittal to you. I will send the file to you in individual large envelopes, since I have heard reports of large packages being refused by the mail room at certain prisons in Southern California. Please let me know if you learn that anything was held back by CDCR officials.

Enclosed in this envelope are the following:

   5 Transcripts of E. Stone telephone calls & 2 CD's with recording phone calls
   CD with photos of house, taken May & Sept 2003
   Reporter's Transcript of trial, pp. 1-272

I will send the next envelope tomorrow, and other envelopes will follow that.

Very truly yours,

Walter K. Pyle

# WALTER K. PYLE
ATTORNEY AT LAW
2039 SHATTUCK AVENUE, SUITE 202
BERKELEY, CA 94704-1116

Civil and Criminal
Trials and Appeals

(510) 849-4424
FAX: (510) 849-4741

June 7, 2007

Elnorris Stone    V-67067
Kern Valley State Prison
3000 West Cecil Avenue
Delano, CA 93215

Re:   Case No. 145534-B

Dear Mr. Stone:

Enclosed are the redacted police reports from our files. Sorry I didn't send them sooner, but we're required by law to delete the addresses and phone numbers in them (even if you already know them), and it took a long time to do that.

I'll try to get the rest of our file out as soon as I can.

Very truly yours,

Walter K. Pyle

# WALTER K. PYLE

ATTORNEY AT LAW
2039 SHATTUCK AVENUE, SUITE 202
BERKELEY, CA 94704-1116

*Civil and Criminal*
*Trials and Appeals*

(510) 849-4424
FAX (510) 849-4741

December 13, 2007

Elnorris Stone   V-67067
Kern Valley State Prison
3000 West Cecil Avenue
Delano, CA 93215

Re:   Case No. 145534-B

Dear Mr. Stone:

Enclosed are the photos taken from the discs that were previously sent out and returned. As you requested, the jury's questions are also included as well as the autopsy diagrams. I will be sending the actual discs to your mother.

Please give us a call or write to us if you have any questions.

Very truly yours,

/S/

Walter K. Pyle

```
                    ELNORRIS STONE
                        #V67067
           FOLSOM STATE PRISON, (B1-C-1-06)
                      P.O.BOX 950
                   FOLSOM , CA. 95763
```

5/19/08

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CA.
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA. 94102

      RE: MOTION TO RECONSIDER ORDER OF DISSMISSAL-CASE# C07-06263 TEH-(PR)

To whom it may concern:

May God bless you.

Today (5/19/08), I have recieved a copy of an order of dissmissal filed, 4/28/08. I would like to move that the court reconsider its order of dissmissal for the reasons laid out in the enclosed Motion for stay pending exhaustion of claims in the Petition.

                    Sincerely in Christ,

                    Elnorris Stone

## PROOF OF SERVICE BY MAIL BY PRISONER "IN PRO PER"

I hereby certify that I am over 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:

Folsom State Prison, (B).C.1.06),
P.O. Box 950, Folsom, CA. 95763

On the "date" specified below, I served the indicated document on opposing counsel in this action at their business address by (check one):

[X] Giving the document to a correctional officer with directions to file the document with the court ("prison mailbox rule")

[ ] Placing the document in an envelope, which was then sealed and postage fully paid thereon, and thereafter I caused the document to be mailed by first-class mail, with postage affixed.

Case Name: C 07-06263 TEH (PR)
Date: 5/19/08

Document(s) Served (check one or both):

[ ] Petition for Writ of Habeas Corpus

[X] Others (list):

Motion For Stay Pending Exhaustion in State

Service Upon (opposing counsel's name and address):

Office of the Clerk, U.S. District Court, Northern District of CA.  San Francisco, CA. 94102

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Folsom (city), California.

PRINTED NAME: ELNORRIS STONE
SIGNATURE: _____